IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNESTO AVALOS,

    Petitioner,

v().                                                          No. 22-cv-00915-RB-GJF
                                                            No. 20-cr-00277-RB-GJF-1

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter comes before the Court on Petitioner Ernesto Avalos's Amended 28 U.S.C. § 2255 habeas motion. (Doc. 4.)[1] Avalos asks the Court to modify his federal sentence for possession with intent to distribute and distribution of 50 or more grams of methamphetamine. After reviewing the Petition pursuant to Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts (the "Section 2255 Rules"), the Court filed a Memorandum Opinion and Order to Show Cause, requiring Avalos to show cause why the Petition should not be dismissed as untimely. (Doc. 5.) In response, Avalos filed Petitioner's Memorandum and Points and Authorities in Support of Cause and Prejudice. (Doc. 10.) Having reviewed the Show Cause Response, the Court concludes that Avalos has not shown that the Petition is timely. The Court will therefore dismiss the Petition with prejudice.

**I.    Procedural Background**

In July 2019, Avalos sold 55.9 net grams of pure methamphetamine to an undercover agent in Las Cruces, New Mexico. (Cr. Doc. 18 at 4.) In October 2019, he was arrested after he negotiated to transfer and then gave 83.8 net grams of pure methamphetamine to an undercover agent. (*Id.*)

---

[1] Unless otherwise specified, docket citations refer to the civil case.

Upon his arrest, agents found another 25.74 net grams pure methamphetamine in his vehicle and another 322.47 grams in his home. (*Id.*) In January 2020, Avalos pled guilty to Distribution of 50 Grams and More of Methamphetamine, Aiding and Abetting; and Possession with Intent to Distribute 50 Grams and More of Methamphetamine, Aiding and Abetting. (Cr. Doc. 18 at 2.) The Court entered its judgment on November 19, 2020, sentencing Avalos to 120 months in prison. (Cr. Doc. 36.) Avalos did not file an appeal.

Two years later, on November 29, 2022, Avalos commenced this case by filing a Motion to Correct Illegal Sentence Pursuant to Fed. R. Crim. P. 35(b). (Doc. 1.) The Court entered an Order to Cure Deficiency advising Avalos that the relief sought in his motion must be raised in a § 2255 habeas petition. (Doc. 3.) The Court also advised him that if he pursued habeas relief, he would be required to show cause why the motion was not time barred. (Doc. 3 at 2.) Avalos then filed the Motion presently before the Court.

In the Motion, Avalos argues that his counsel was ineffective, his plea was not knowing or voluntary, that his sentence is unlawful because it is premised on possession of 500 or more grams of methamphetamine when he only possessed 487 grams, and that the Court lacked jurisdiction to sentence him, which appears to be a reiteration of his unlawful sentencing argument. (Doc. 4 at 3–14.) Avalos argues that his Motion is timely because his sentence is illegal. (*Id.* at 15.) Given an opportunity to address the timeliness issue, Avalos reiterates these arguments in his Show Cause Response. (Doc. 10.)

II.     **Initial Review of the § 2255 Motion**

The Motion is governed by Section 2255 Rule 4 and 28 U.S.C. § 2255. Section 2255 Rule 4 requires a *sua sponte* review of § 2255 claims. "If it plainly appears from the motion, any attached

2

exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the petition." Section 2255 Rule 4(b). "If the motion is not dismissed, the judge must order the United States Attorney to file an answer . . . ." *Id.* As part of the initial review process, "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a . . . habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Section 2255 motions are subject to a 1-year period of limitation, which runs from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). Additionally, the Court may apply equitable tolling if the petitioner shows that he has diligently pursued his claims and the failure to timely file "was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

The judgment in the criminal case was entered on November 19, 2020. (Cr. Doc. 36.) It became final no later than December 3, 2020, following the expiration of the 14-day appeal period. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final when the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within 14 days after the entry of judgment). There was no case activity

during the next year, and the limitation period expired on December 3, 2021.

Avalos does not show that the government impeded his right to seek habeas relief, he does not cite new Supreme Court case law, and he does not show that the bases of his claims for habeas relief could not, through due diligence, have been discovered within a year of the judgment. His argument in support of timeliness is that his sentence is illegal, but the information supporting that argument was available to him upon sentencing, if not earlier. (Docs. 1; 10.) The facts alleged in the Motion and in the Show Cause Response do not support equitable tolling. Avalos therefore has not shown that his November 29, 2022, Motion is or should be accepted as timely. Accordingly, the Petition will be dismissed with prejudice.

The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as it is not reasonably debatable that the Petition is untimely. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment . . . debatable or wrong").

**IT IS THEREFORE ORDERED** that Ernesto Avalos's Motion to Vacate Federal Sentence under 28 U.S.C. § 2255 **(Doc. 1)** is **DISMISSED** with prejudice; a certificate of appealability is denied; and a separate judgment will be entered closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE